# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-50426
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2026

Lyle W. Cayce
Clerk

Kemal Kocak,

*Plaintiff—Appellant*,

*versus*

Harmony Public Schools,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-636

———————————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

After Plaintiff–Appellant Kemal Kocak was fired from his job, he brought this employment discrimination suit against his former employer. The district court granted summary judgment for the employer. We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50426

I.

Kocak was employed by Defendant–Appellee Harmony Public Schools as a District Manager of Facilities. On August 5, 2021, Kocak's supervisor, Riza Gurlek, emailed him, requesting he create a purchase order for a new timekeeping system. Gurlek also asked Kocak to update his co-worker, IT Coordinator Hamza Cengiz, regarding the order. Kocak opposed the introduction of the new timekeeping system, because he feared that Harmony and the Turkish Intelligence Service would use the system to track him. So, Kocak went to Gurlek's office to confront him. By Gurlek's account, Kocak was "using aggressive and vulgar language" and "yelling and questioning why we were installing a timekeeping system." Kocak then went out to the hallway, where he began speaking with Cengiz about the matter. Eventually, Kocak went back to his own office and sat down at his computer. Cengiz then followed Kocak to the office and hit him in the head with a chair. The police were called, and Kocak was taken to the hospital. Cengiz was not detained on the spot but was ultimately prosecuted for the incident. Harmony immediately placed Cengiz on administrative leave and then fired him.

Harmony also terminated Kocak. As reasons for the termination, it cited Kocak's insubordination for refusing to enter the purchase order and his engagement in an unprofessional and heated confrontation. After exhausting administrative remedies, Kocak brought suit. He asserted three claims under Title VII[1] and Chapter 21 of the Texas Labor Code: discrimination based on national origin, retaliation, and hostile work environment.

The district court granted summary judgment for Harmony. It explained Kocak had failed to present evidence on essential elements of each

---

[1] 42 U.S.C. §§ 2000e–2000e-17.

2

No. 25-50426

claim. As to discrimination based on national origin, Kocak failed to identify a comparator outside his protected class who was treated more favorably: the proffered comparators either shared Kocak's Turkish national origin or there was no record evidence of their national origin.[2] Moreover, the court observed that Kocak presented no evidence tending to show Harmony's stated reasons for his termination—insubordination and unprofessionalism—were mere pretext.[3]

Regarding retaliation, the court observed that even crediting Kocak's allegation that he had made prior complaints of discrimination to school administration, he presented no evidence that such protected activity *caused* his termination.[4] Specifically, the Superintendent who fired Kocak had only held his position for a few days at the time of the termination and stated in uncontroverted deposition testimony that he had no knowledge of Kocak's complaints.[5]

---

[2] To bring a successful discrimination claim, an employee must show he "was replaced by someone outside of [his] protected group or a similarly situated employee outside of [his] protected group was treated more favorably." *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 825 (5th Cir. 2022).

[3] Once the employer articulates a legitimate, non-discriminatory reason for the termination, the employee "must present 'substantial evidence' that [the employer's] asserted reason for terminating [him] is pretext for discrimination." *Id.* (quoting *Watkins v. Tregre*, 997 F.3d 275, 283 (5th Cir. 2021)).

[4] To bring a successful retaliation claim, the employee must show "that a causal link existed between the protected activity and the adverse action." *Badgerow v. REJ Props., Inc.*, 974 F.3d 610, 618 (5th Cir. 2020).

[5] "[T]o establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity." *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 883 (5th Cir. 2003).

No. 25-50426

Lastly, as to hostile work environment, the court found that Kocak had not presented sufficient evidence of harassment.[6] His only statement in support of the claim was the conclusory allegation that he was subject to "Turkish slurs" and "vulgarities." But when asked at deposition to describe specific examples of this harassment, Kocak could not provide an answer. Moreover, to the extent Kocak attempted to point to the attack by Cengiz as an example of harassment, the district court explained that this was unavailing because Harmony took immediate remedial action by terminating Cengiz.[7]

## II.

Kocak appealed. But instead of addressing the district court's reasoning on appeal, Kocak re-summarizes in detail the events of the August 5, 2021 incident. He alleges that video footage shows Harmony administrators "favoring Cengiz" in the immediate aftermath of Cengiz's assault. Despite the lack of audio, he speculates about what administrators may have been saying to Cengiz after the incident. And he avers that Cengiz "should have been terminated and prosecuted rather than coddled" by administrators. But Cengiz *was* "terminated and prosecuted," as Kocak admits elsewhere in his brief. So, although Kocak alleges Harmony's immediate reaction was not sufficiently favorable, this does not ultimately help his case.

---

[6] To bring a successful hostile work environment claim, the plaintiff must demonstrate that he was subjected to unwelcome harassment based on his membership in a protected group, and that the harassment affected a term, condition, or privilege of employment. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).

[7] The employer must have known about the harassment and "failed to take prompt remedial action." *Id.*

4

No. 25-50426

And fundamentally, Kocak does not engage with the district court's analysis. As to discrimination, he does not dispute that he offered no viable comparator outside his protected class. As to retaliation, he does not address the district court's conclusion that the relevant decisionmaker had no knowledge of his alleged past reports of discrimination. And on hostile work environment, he points to no further evidence of harassment. Kocak's failure to engage with the district court's well-reasoned opinion is fatal to his appeal.[8] For these reasons we AFFIRM the judgment of the district court.

---

[8] *See Brinkmann v. Dal. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify any error in the basis for the district court's judgment "is the same as if he had not appealed that judgment").